UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cr-00004-TWP-MJD |
| | ) | No. 1:12-cr-00133-TWP-TAB-20 |
| SHAMIYA HUNT, | ) | |
| | ) | |
| Defendant. | ) | |

ENTRY FOR SEPTEMBER 14, 2023
THE HONORABLE TANYA WALTON PRATT, CHIEF JUDGE

The Government appeared by Jeremy Fugate, Assistant United States Attorney. The Defendant appeared in person, in custody, and by CJA counsel Jane Ruemmele. Kendra Stakelbeck and Katherine Votry-Kundich appeared on behalf of the United States Probation Office. Jean Knepley was the Court Reporter. Parties appeared for hearing on Defendant's Petition to Enter a Plea of Guilty and Sentencing in case 1:23-cr-4 and supervised release violation in case 1:12-cr-133-20 at the Indianapolis Courthouse.

The Court began by addressing the U.S. Probation Office's Petition for Warrant/Violation of Supervised Release (Filing No. 2134). The Defendant was sworn. Charges and rights were reviewed and explained. The Government withdrew violation 2. The Defendant admitted violation 1 and the Court found she violated the same.

The Court advised Defendant of her rights. The Court inquired of the Defendant whether the Defendant understood the rights that the Defendant would relinquish if the Court accepted the plea of guilty and the Defendant responded affirmatively. A factual basis was accepted. The Court found the Defendant was fully competent and able to enter an informed plea, the Defendant's plea was made knowingly and voluntarily, the plea was supported by an independent basis in fact

containing each of the essential elements of the offense charged. Defendant's Plea Agreement was accepted by the Court pursuant to the Federal Rules of Criminal Procedure 11(c)(1)(B) and Defendant was adjudged guilty of Count 1 Bank Robbery and Count 2 Attempted Bank Robbery as charged in the Indictment.

The parties were heard with respect to the sentence and application of the Sentencing Guidelines.

Pursuant to the Sentencing Reform Act of 1984, sentence was imposed as stated on the record, including:

<u>Incarceration:</u> The Defendant was sentenced to the custody of the Bureau of Prisons for a concurrent term of 46 months on Count 1 and Count 2 with 30 months to be served consecutively for the violation in case 1:12-cr-133 for a total of 76 months.

<u>Fine:</u> The Court ordered a fine of $250.00.

<u>Forfeit:</u> The Defendant shall forfeit the property stated on the record.

<u>Supervised Release:</u> The Defendant shall be placed on supervised release for a term of 3 years on Count 1 and Count 2 to be served concurrently. The Court imposed the mandatory conditions pursuant to 18 U.S. Code §§ 3563 and 3583. To promote respect for the law, prevent recidivism, and aide in adequate supervision, the Defendant shall also comply with the conditions of supervision which are referenced in the Presentence Investigation Report. Neither the Government nor the Defendant had any objection to the conditions that were recommended by the probation officer, and the reading of those conditions into the record were waived. The Court imposed all the conditions listed in the Presentence Investigation Report.

<u>Recommendation</u>:  The Court recommends placement at Tallahassee including the RDAP program and mental health evaluation and treatment.

The Defendant shall pay to the United States a special assessment of $200.  Payment of the special assessment shall be due immediately and is to be made directly to the Clerk, U.S. District Court.

The Defendant was advised of the right to appeal.

The Defendant was remanded to the custody of the U.S. Marshals Service.

The Judgment is forthcoming.

IT IS SO ORDERED.

Date:  9/15/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Jeremy Carl Fugate
DOJ-USAO
jeremy.fugate@usdoj.gov

Jane Ruemmele
HAYES RUEMMELE LLC
jane@chjrlaw.com